## STEAM BOAT EUREKA vs. NOEL & McSHERRY.

1. The return of a constable on a warrant against a steam boat, showing that he executed it by going on board the boat, and by reading the same to the clerk, and by finding the sheriff in charge of her, is sufficient to give the justice issuing the warrant, jurisdiction to hear and determine the case against the boat.

## APPEAL from St. Louis court of Common Pleas.

### STATEMENT OF THE CASE.

I. The court of common pleas having ordered the sale of the appellant, she was sold, and publication having been made to creditors to present their claims and demands for allowance as required under the provisions of the statutes concerning "Boats and vessels," and having filed their bond, the justice issued his warrant against said appellant and directed to any constable of St. Louis township, requiring said constable forthwith to seize said appellant, her tackle, apparel and furniture, or so much thereof, as shall be sufficient to justify the demand of the appellees, and costs of said suit, and detain said appellant until she shall be discharged by due course of law—that the said warrant went into the hands of said Samuel Maxwell, one of the constables of St. Louis township, who returned the said warrant of the justice with the following return endorsed thereon—"Executed this writ by going on board the steam boat Eureka, and by reading the same to the clerk, and by finding the sheriff La Beaume in charge of said boat"—that after the constable had so made his return, the said justice proceeded to hear the proofs of the plaintiffs, (no person appearing on behalf of defendant) and rendered judgment against said boat defendant, for the sum of fifty-three dollars and thirty-three cents, in favor of the plaintiffs. To the reading of the said transcript, the appellant at the time objected for the reason that the constable had not levied upon or seized the said appellee or any part of her, so as to give to the justice jurisdiction of the thing; and therefore, upon the return of said constable, the justice had not power to proceed any further in the case: but the court overruled said objection and permitted said transcript to be read as evidence for the appellees, to which decision appellant at the time objected. This was all the evidence on behalf of the appellees· The appellant then proved that at the time the said constable. Maxwell, went on board, the defendant, under the warrant of the appellees, Louis T. La Beaume, sheriff of St. Louis county, had levied upon, and seized the said appellant, and there and then, in his custody under and by virtue of a warrant from the St. Louis circuit court in favor of Hugh L. White, against appellant, and, that the said appellant was afterwards sold under and by virtue of an order of sale out of the St. Louis court of common pleas; no bond having been given to said sheriff within five days after he had levied and seized said appellant, under and by virtue of the said warrant as aforesaid. Upon this evidence the court below allowed the claim of appellees. The appellant then moved the said common pleas court to set aside the said allowance on the ground that the evidence or transcript was improperly admitted in evidence on behalf of appellees, and no legal or competent evidence was given by appellees to sustain the demand. The court below overruled this motion, and therefore this case is brought into this court by appeal.

## HART, for Appellants.

I. The appellant contends that the power of the justice ceased, in this case, upon the re-

38

---

Steam Boat Eureka vs. Noel & McSherry.

---

turn of the constable—that the appellant was in the custody of the sheriff of St. Louis coun
ty, so as to prevent him from seizing the appellant under the warrant in this case. See Rev.
C. Chap. 20—act concerning "boats and vessels," Sect. 24 and Sec. 5.

II. The act concerning boats and vessels is a proceeding in Rem, and the only service that
can be made by a warrant against a boat or vessel is by seizure of the same, or so much of
her as shall be sufficient to satisfy the demand, so as to give the court jurisdiction any further
to proceed in the case; and in the case before the justice, whilst he had jurisdiction of the
subject matter of the suit, the appellant contends that he never had jurisdiction of the thing,
to wit: the boat, or any part of her, and all his proceedings after the return of the constable
was perfectly erroneous.

III. That for the reasons aforesaid, the court of common pleas committed error in allowing
the supposed evidence to be read on behalf of the appellees, and the judgment of that court
ought to have been for the appellant—the appellees having introduced no evidence to support
his demand.

Leslie, for Appellees.

The want of sufficient service by the constable to give the justice's court jurisdiction for
the purpose of judgment seems to be the ground of appeal in this case.

I. The return of the officer, in legal contemplation, is equal to the following: In obedience
to this writ, I have seized the steam boat Eureka—have read the same to the clerk of said
boat on board.   But the said boat having been previously seized by the sheriff of the county
of St. Louis, I could not, by law, take said boat from him into my actual possession.   This
subject gave the justice jurisdiction, and the judgment was regular.

II. It is too late to except to the form of a return on the hearing before the circuit court.
An objection, if valid, taken in time, would give the sheriff or constable opportunity to amend
according to the facts; if not taken in time, form is waived, and the proceeding is regular.

III. If the objection had been made to the service, the constable, Maxwell, would have
amended, so that his return would read according to the example above given; but taking the
exception admits the service to be as valid as in law it could be made.   And then we are
only to enquire whether a lien creditor who, from the amount of his demand must go to the
forum of a justice of the peace, shall lose his debt, because neither judgment nor lien can be
had and made effectual, if perchance another creditor has a demand of so high an amount as
to carry him to another forum, and levy is made first on such largest demand.   And this, too,
if the boat is worth all her debts.

Such doctrine is not serviceable, and I contend that the court below did just right.

Ryland, J., delivered the opinion of the court.

The only question in this case of any importance, is the one about
jurisdiction.

Had the justice of the peace, who properly issued the warrant, the
right and authority of the return made on the warrant by the constable,
to go on and hear the evidence and render the judgment?   If this ques-
tion be answered in the affirmative, then there is an error in the court
below who allowed the claim upon the transcript of such judgment be-
fore the justice of the peace.

The claimants below, the appellees here, had a demand against the

steam boat Eureka for materials furnished the boat; this demand amounted to fifty-three dollars and some cents—it was a lien against the boat under the statute. The appellees took the necessary and proper steps to enforce the lien. They obtained a warrant against the boat, it was placed in the hands of a constable, who made the following return, "Executed this writ by going on board the steam boat Eureka, and by reading the same to the clerk, and by finding sheriff La Beaume, in charge of said boat—done in St. Louis township 26th day of March 1850," Samuel Maxwell, constable.

The 25 Sec. of the statute concerning boats and vessels, Revised code, 1845, page 186; is as follows, viz:

"Every warrant issued by a justice of the peace, under this act, shall be returnable forthwith, and upon the return thereof, the justice shall hear and determine the complaint in a summary manner.

26 Sec. All warrants issued under this act, shall be served and returned as writs of attachment are served and returned."

The manner of serving writs of attachment issued by a justice of the peace, shall be as follows: See Revised code, 1845; attachment, art. 11, sec. 8, page 149. First, the writ shall be served upon the defendant as an ordinary summons. Second, garnishees shall be summoned, &c., &c. Third, when goods and chattels, money or evidences of debt are to be attached the constable shall seize the same, and put them in his custody if accessible, and if not accessible, he shall declare to the person in possession thereof that he attaches the same, in his hands and summon such person as garnishee.

This third method of serving writs of attachment is the mode most applicable to the service of warrants, from justices of the peace, against steam boats for demands against them.

The constable went on board the boat, and read the writ to the clerk; he did not take the boat in possession because the sheriff of St. Louis county had her in custody by process from the circuit court. He could not have taken her lawfully from this custody. She was then as it were inaccessible to him, as much so as goods and chattels sometimes are under the attachment process. He made an informal return; and if objection had been taken in time or if the plaintiffs before the justice had asked leave, no doubt the constable could have so amended his return as to place the jurisdiction of the case beyond doubt.

We do not think it was indispensably necessary for the constable to have taken into his custody any part of the boat or tackle, in order to have given the justice jurisdiction. His going on board the boat; his reading the writ to the clerk of the boat, the writ was returnable forth-

with.   His stating that he executed the writ by finding the sheriff of St. Louis county in possession of the boat, all show the facts sufficient to have made out a favorable return.   This return may very properly be considered in the light in which it is set forth in the brief of the counsel for the appellees.

The justice, beyond doubt, had jurisdiction of the cause of action, and I consider the retern of the constable sufficiently legal to give him jurisdiction so far as to hear and determine the matter against the boat.

A contrary doctrine might have a tendency to defeat the rights of persons having demands within the jurisdiction of a justice of the peace. I have no doubt that a second writ of attachment might be served on property already attached, and such service would authorise the court to go on and render judgment; it would not destroy a prior lien.   So in this case, the constable might well have made his return in conformity to the manner of executing writs of attachment, and indeed I think sufficent appears on the face to warrant the justice to proceed and dispose of the case.

It wonld be more advisable for the justices of the peace to make their ministerial officers more specific and particular in stating the facts which constitute their return.

In this case we think the court below committed no error in receiving as evidence a transcript of the judgment before the justice.

The justice had no right under the law to direct a sale of the boat: See sections 11 and 24 of the act concerning boats and vessels, Rev. Code, 1845, pages 183, 185.

Upon the whole of this case we feel no ways inclined to disturb the judgment below, and it is therefore affirmed.